**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
Philip J. Duffy, Esq.
Telephone: (973) 596-4821
Facsimile: (973) 639-6219
E-mail: Pduffy@gibbonslaw.com
David N. Crapo, Esq.
Telephone: (973) 596-4523
Facsimile: (973) 639-6244
E-mail: Dcrapo@gibbonslaw.com

*Special Counsel for the Plaintiff,*
*The Great Atlantic & Pacific Tea Company, Inc., et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.*,[1]<br><br>               Debtors. | Chapter 11<br><br>Case No. 15-23007 (RDD)<br><br>(Jointly Administered) |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC. *et al*.<br><br>               Plaintiff,<br><br>    v.<br><br>PEPSICO, INC; BOTTLING GROUP, LLC (d/b/a PEPSI BEVERAGES COMPANY and f/d/b/a THE PEPSI BOTTLING GROUP); FRITO-LAY NORTH AMERICA, INC.; QUAKER SALES AND DISTRIBUTION, INC.; MULLER QUAKER DAIRY, LLC; STACY'S PITA CHIP | Adv. Proc. No. 18-08245 (RDD) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: 2008 Broadway, Inc. (0986); The Great Atlantic & Pacific Tea Company, Inc. (0974); A&P Live Better, LLC (0799); A&P Real Property, LLC (0973); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Borman's, Inc. (9761); Delaware County Dairies, Inc. (7090); Food Basics, Inc. (1210); Kwik Save Inc. (8636); McLean Avenue Plaza Corp. (5227); Montvale Holdings, Inc. (6664); Montvale-Para Holdings, Inc. (2947); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge LLC (5965); Shopwell, Inc.(3304); Super Fresh Food Markets, Inc. (2491); The Old Wine Emporium of Westport, Inc. (0724); Tradewell Foods of Conn., Inc. (5748); and Waldbaum, Inc. (8599). The international subsidiaries of The Great Atlantic & Pacific Tea Company, Inc. are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is 19 Spear Road, Suite 310, Ramsey, New Jersey 07446.

COMPANY, INC.; PEPSI BOTTLING GROUP NJ; and PEPSI USA,

      Defendants.

# JOINT REPORT OF PARTIES' RULE 26(f) PLANNING MEETING

Pursuant to Federal Rule of Civil Procedure 26, Plaintiff The Great Atlantic & Pacific Tea Company, Inc. ("GAPT") and Defendants, PepsiCo, Inc.; Frito-Lay North America, Inc. ("Frito-Lay"); Bottling Group, LLC (d/b/a Pepsi Beverages Company and f/d/b/a The Pepsi Bottling Group) ("Bottling Group"); Quaker Sales and Distribution, Inc.; Muller Quaker Dairy, LLC; and Stacy's Pita Chip Company, Inc. (collectively, "Defendants"),[2] submit the following report of the conference held via telephone on September 20, 2018.

**I. DISCOVERY PLAN**

  **A. What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made**

The parties will exchange the disclosures required by Rule 26(a) on the date indicated in the proposed schedule below.

  **B. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues**

The Parties propose the discovery deadlines and schedule indicated in the table below. The Parties presently contemplate that discovery will be needed on the following subjects:

- The timing and application of GAPT's payments to the Defendants.

---

[2] Based on the evidence currently available, Pepsi Bottling Group, NJ and Pepsi USA are not independent corporate entities. Based on evidence currently available, GAPT believes that they are divisions of or trade names used by Defendant Bottling Group. However, the entities identified above as the Defendants have been unable to determine whether any references to either Pepsi Bottling Group, NJ or Pepsi USA actually refer to actions or operations of any of the other named Defendants. To the extent that Pepsi Bottling Group, NJ or Pepsi USA are determined to be entities related to or part of the Defendants, they shall be incorporated into the defined term, "Defendants."

2

- The timing and application of the Defendants' payments to GAPT.

- GAPT's insolvency at the time of the payments it made to the Defendants Frito Lay and Bottling Group between April 20, 2015 and July 19, 2015 ("Preference Period").

- Whether their receipt of some or all of the payments made by GAPT during the Preference Period enabled Frito Lay and Bottling Group to receive a greater distribution than they would have received in the hypothetical liquidation of GAPT's assets contemplated by 11 U.S.C. § 547(b)(5) .

- The ordinary business and payment terms for transactions between GAPT and the Defendants prior to the Preference Period.

- The ordinary business and payment terms between parties like GAPT and the Defendants prevailing in the relevant industry and markets during the Preference Period.

- Communications between GAPT and the Defendants concerning payment and credit terms during the Preference Period.

- The value of any products Defendants Frito Lay and Bottling Group delivered to GAPT during the Preference Period.

- The timing of the delivery of products by Defendants Frito Lay and Bottling Group to GAPT during the Preference Period.

- The extent to which Defendants Frito Lay and Bottling Group were not paid for goods delivered to GAPT during the Preference Period.

- The existence and terms of any written contracts or agreements governing promotional transactions between A&P and the Defendants that any of GAPT or the Defendants (hereafter, collectively, "Promotional Transactions") contend were in effect during any portion of the period between December 13, 2010 and November 25, 2015.

- The actual course of dealing between GAPT and the Defendants with respect to Promotional Transactions occurring after December 13, 2010, including the details of the Promotional Transactions and any documents other than written contracts or agreements, but including communications between GAPT and the Defendants that described, evidenced or memorialized that course of dealing.

- The amount GAPT invoiced the Defendants for services provided pursuant to Promotional Transactions and the amount the Defendants paid GAPT for those services.

3

- GAPT's performance of services pursuant to the Promotional Transactions.

- Any other actions of GAPT that give rise to a right of payment asserted by GAPT in its Complaint.

- Addresses from which goods were shipped by Defendants Frito Lay and Bottling Group to GAPT.

- The factual bases upon which GAPT relied to list Pepsi Bottling Group NJ as a defendant.

- The factual bases upon which GAPT relied to list Pepsi USA as a defendant.

- Party Depositions.

- Non-Party Depositions

- Expert Depositions

- Any other issues raised by the Defendants in any defenses or counterclaims.

C. **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced**

Notwithstanding the potential volume of documents to be produced by the GAPT and the Defendants, we do not believe, at this juncture, that such volume (or lack thereof) will justify the added expense of utilizing a document review system. To that end, GAPT and the Defendants expect to produce documents in PDF/DOC format via CD, DVD, Flash Drive, *etc.*, which will be fully searchable and bates stamped. In the event that discovery reaches a level of production that would justify the employment of a full suite document review system, GAPT and the Defendants are amenable to re-evaluating when/if such issue arises.

The parties acknowledge that they all have access to Demandtec and will not seek to require the parties to produce documents located on Demandtec, but will only have to provide the identity of those documents and their location on Demandtec.

4

**D.  Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502**

GAPT and the Defendants contemplate, to the extent warranted during discovery, submitting an agreed protective order for entry by the Court that addresses the designation of confidential information as well as privilege issues.

**E.  What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed**

In light of the number of defendants, it is contemplated that the parties will need to propound more than twenty-five interrogatories.  The parties, therefore, agree that each side—Plaintiff and Defendants—may propound a total of 150 interrogatories on the other side. The parties further agree that, to the extent that fifty or more interrogatories are propounded in a set of interrogatories, the party on which the interrogatories are propounded will have sixty days in which to answer that set of interrogatories.

No others anticipated at this time.

**F.  Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)**

None anticipated at this time.

## II.  PROPOSED DISCOVERY SCHEDULE

| Deadline | Event |
| --- | --- |
| October 11, 2018 | Initial status conference |
| October 4, 2018 | Initial disclosures exchanged |
| October 4, 2018 | Rule 26(f) Report and Proposed Discovery Schedule Submitted to the Bankruptcy Court |
| December 12, 2018 | Initial Document Demands/Interrogatories |
| December 21, 2018 | Joinder of Parties/Amendment of Pleadings |

| August 15, 2019 | Fact discovery closes |
|---|---|
| August 15, 2019 | Affirmative expert reports due |
| September 13, 2019 | Rebuttal expert reports due |
| September 30, 2019 | Expert Depositions |
| October 15, 2019 | All Discovery Completed |
| November ___, 2019 | Final Pre-Trial Conference |

Date:  October 4, 2018

THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al*.,

By:  /s/ David N. Crapo
Philip J. Duffy, Esq.
Telephone: (973) 596-4821
Facsimile: (973) 639-6219
E-mail: pduffy@gibbonslaw.com
David N. Crapo, Esq.
Telephone: (973) 596-4523
Facsimile: (973) 639-6244
E-mail: dcrapo@gibbonslaw.com
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310

*Special Counsel for the Plaintiff,*
*The Great Atlantic & Pacific Tea Company,*
*Inc., et al.*

PEPSICO, INC; BOTTLING GROUP, LLC (d/b/a PEPSI BEVERAGES COMPANY and f/d/b/a THE PEPSI BOTTLING GROUP); FRITO-LAY NORTH AMERICA, INC.; QUAKER SALES AND DISTRIBUTION, INC.;  MULLER QUAKER DAIRY, LLC; AND STACY'S PITA CHIP COMPANY, INC.,

By:  /s/ Jeffrey Chubak
Jeffrey Chubak
STORCH AMINI PC
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100
jchubak@storchamini.com

- and -

Joseph D. Frank (admitted pro hac vice)
Jeremy C. Kleinman (admitted pro hac vice)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
(312) 276-1400
jfrank@fgllp.com
jkleinman@fgllp.com

*Attorneys for Defendants*

2630709.1    032596-97802