**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
Philip J. Duffy, Esq.
Telephone: (973) 596-4821
Facsimile: (973) 639-6219
E-mail: Pduffy@gibbonslaw.com
David N. Crapo, Esq.
Telephone: (973) 596-4523
Facsimile: (973) 639-6244
E-mail: Dcrapo@gibbonslaw.com

*Special Counsel for the Plaintiff,*
*The Great Atlantic & Pacific Tea Company, Inc., et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>THE GREAT ATLANTIC & PACIFIC TEA COMPANY, Inc., *et al*.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-23007 (RDD)<br><br>(Jointly Administered) |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC. *et al*.<br><br>Plaintiff,<br><br>v.<br><br>PEPSICO, INC; BOTTLING GROUP, LLC (d/b/a PEPSI BEVERAGES COMPANY and f/d/b/a | Adv. Proc. No. 18-08245 (RDD)<br><br>**STIPULATION AND ORDER DISMISSING CERTAIN COUNTS IN SECOND AMENDED <u>ADVERSARY COMPLAINT</u>** |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: 2008 Broadway, Inc. (0986); The Great Atlantic & Pacific Tea Company, Inc. (0974); A&P Live Better, LLC (0799); A&P Real Property, LLC (0973); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Borman's, Inc. (9761); Delaware County Dairies, Inc. (7090); Food Basics, Inc. (1210); Kwik Save Inc. (8636); McLean Avenue Plaza Corp. (5227); Montvale Holdings, Inc. (6664); Montvale-Para Holdings, Inc. (2947); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge LLC (5965); Shopwell, Inc.(3304); Super Fresh Food Markets, Inc. (2491); The Old Wine Emporium of Westport, Inc. (0724); Tradewell Foods of Conn., Inc. (5748); and Waldbaum, Inc. (8599). The international subsidiaries of The Great Atlantic & Pacific Tea Company, Inc. are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is 19 Spear Road, Suite 310, Ramsey, New Jersey 07446.

{PBG/112/00056860.DOC/}

2740968.1 032596-97802

| |
|---|
| THE PEPSI BOTTLING GROUP); FRITO-LAY NORTH AMERICA, INC.; QUAKER SALES AND DISTRIBUTION, INC.; MULLER QUAKER DAIRY, LLC; STACY'S PITA CHIP COMPANY, INC.; PEPSI BOTTLING GROUP NJ; and PEPSI USA, |
| Defendants. |

**WHEREAS,** Plaintiff The Great Atlantic & Pacific Tea Company, Inc. and its affiliated debtors (collectively, "**GAPT**" or "**Debtors**") filed its Second Amended Adversary Compliant ("**Complaint**") against Defendants PepsiCo, Inc. ("PepsiCo"); Frito-Lay North America, Inc. ("Frito-Lay"); Bottling Group, LLC (d/b/a Pepsi Beverages Company and f/d/b/a The Pepsi Bottling Group) ("Bottling Group"); Quaker Sales and Distribution, Inc. ("Quaker Sales"); Muller Quaker Dairy, LLC ("Muller Quaker"); Stacy's Pita Chip Company, Inc. ("Stacy's"); Pepsi Bottling Group NJ ("Pepsi NJ"); and Pepsi USA in this adversary proceeding on August 17, 2018 [ECF Docket no. 18-08245 (RDD) (collectively, ("**Defendants**"); and

**WHEREAS,** the Defendants have paid the Holdback Amount the Debtors seek to recover by the Twenty-Sixth Cause of Action of the Complaint; and

**WHEREAS,** Defendant Pepsi NJ is not a separate legal entity from Defendant Bottling Group and, therefore, any of the claims the Debtors assert against Defendant Pepsi NJ in the Complaint should be asserted, if at all, against Defendant Bottling Group; and

**WHEREAS,** Defendant Pepsi USA is not a separate legal entity from Defendant Bottling Group and, therefore, any of the claims the Debtors assert against Defendant Pepsi USA in the Complaint should be asserted, if at all, against Defendant Bottling Group; and

**WHEREAS**, the Defendants have agreed that any of the claims the Debtors assert against

Defendant Stacy's in the Complaint should be asserted, if at all, against Frito; and

**WHEREAS**, the Debtors and the Defendants have reached resolutions of other Causes of Action set forth in the Complaint; and

**WHEREAS**, the Debtors and the Defendants have agreed to the dismissal of certain Causes of Action set forth in the Complaint as set forth below;

**NOW, THEREFORE**, in consideration of the foregoing, the Debtors and the Defendants hereby stipulate and agree as follows:

1. The **Twenty-Sixth Cause of Action (Breach of Contract—Against All Defendants)** is hereby dismissed with prejudice.

2. The claims of the Debtors against Defendant Pepsi NJ set forth in the **Eleventh, Twelfth and Thirteenth Causes of Action** of the Complaint shall be deemed incorporated and asserted against Defendant Bottling Group in the corresponding, **Eighth, Ninth and Tenth Causes of Action** of the Complaint ("**Incorporated Pepsi NJ Claims**").

3. The Defendants shall not defend against the Incorporated Pepsi NJ Claims on the basis that Defendant Bottling Group is not the appropriate party against which those claims may be asserted, but shall retain any and all other defenses or offsets it may have against the Incorporated Pepsi Claims.

4. The **Eleventh Cause of Action (Breach of Express and Implied Contract—Pepsi NJ)** set forth in the Complaint is hereby dismissed.

5. The **Twelfth Cause of Action (Unjust Enrichment—Pepsi NJ)** set forth in the Complaint is hereby dismissed.

6. The **Thirteenth Cause of Action (Promissory Estoppel—Pepsi NJ)** set forth in the Complaint is hereby dismissed.

7. The claims of the Debtors against Defendant Pepsi USA set forth in the **Fourteenth, Fifteenth and Sixteenth Causes of Action** of the Complaint shall be deemed to be claims incorporated and asserted against Defendant Bottling Group in the corresponding **Eighth, Ninth and Tenth Causes of Action** of the Complaint ("**Incorporated Pepsi USA Claims**").

8. The Defendants shall not defend against the Incorporated Pepsi USA Claims on the basis that Defendant Bottling Group is not the appropriate party against which those claims can be asserted, but shall retain any and all other defenses or offsets it may have against the Incorporated Pepsi USA Claims.

9. The **Fourteenth Cause of Action (Breach of Express and Implied Contract—Pepsi USA)** set forth in the Complaint is hereby dismissed.

10. The **Fifteenth Cause of Action (Unjust Enrichment—Pepsi USA)** set forth in the Complaint is hereby dismissed.

11. The **Sixteenth Cause of Action (Promissory Estoppel—Pepsi USA)** set forth in the Complaint is hereby dismissed.

12. The claims of the Debtors against Defendant Stacy's set forth in the **Twentieth, Twenty-First and Twenty-Second Causes of Action** of the Complaint shall be deemed incorporated and asserted against Defendant Frito in the corresponding **Fifth, Sixth and Seventh Causes of Action** of the Complaint ("**Incorporated Stacy's Claims**").

{PBG/112/00056860.DOC/}                              4
                                                                    2740968.1 032596-97802

13. The Defendants shall not defend against the Incorporated Stacy's Claims on the basis that Defendant Frito is not the appropriate party against which those claims can be asserted, but shall retain any and all other defenses or offsets it may have against the Stacy's Incorporated Claims.

14. The claims the Debtors assert against Frito in the **Fifth, Sixth and Seventh Causes of Action** set forth in the Complaint shall be deemed to be increased by the sum of $20,847.48, which sum is the amount of the claim the Debtors assert against Defendant Stacy's in the **Twentieth, Twenty-First and Twenty-Second Causes of Action** set forth in the Complaint.

15. The **Twentieth Cause of Action (Breach of Express and Implied Contract—Stacy's)** set forth in the Complaint is hereby dismissed.

16. The **Twenty-First Cause of Action (Unjust Enrichment—Stacy's)** set forth in the Complaint is hereby dismissed.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

17. The **Twenty-Second Cause of Action (Promissory Estoppel—Stacy's)** set forth in the Complaint is hereby dismissed.

Dated: July 19, 2019

| | |
|---|---|
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al*., | PEPSICO, INC; BOTTLING GROUP, LLC (d/b/a PEPSI BEVERAGES COMPANY and f/d/b/a THE PEPSI BOTTLING GROUP); FRITO-LAY NORTH AMERICA, INC.; QUAKER SALES AND DISTRIBUTION, INC.; MULLER QUAKER DAIRY, LLC; AND STACY'S PITA CHIP COMPANY, INC., |
| By: /s/ David N. Crapo | |
| Philip J. Duffy, Esq. | |
| Telephone: (973) 596-4821 | |
| Facsimile: (973) 639-6219 | |
| E-mail: pduffy@gibbonslaw.com | By: /s/ Jeffrey Chubak |
| David N. Crapo, Esq. | Jeffrey Chubak |
| Telephone: (973) 596-4523 | STORCH AMINI PC |
| Facsimile: (973) 639-6244 | 140 East 45th Street, 25th Floor |
| E-mail: dcrapo@gibbonslaw.com | New York, New York 10017 |
| **GIBBONS P.C.** | (212) 490-4100 |
| One Gateway Center | jchubak@storchamini.com |
| Newark, New Jersey 07102-5310 | |
| | - and - |
| *Special Counsel for the Plaintiff,* | |
| *The Great Atlantic & Pacific Tea Company, Inc., et al.* | Joseph D. Frank (admitted pro hac vice) |
| | Jeremy C. Kleinman (admitted pro hac vice) |
| | FRANKGECKER LLP |
| | 325 North LaSalle Street, Suite 625 |
| | (312) 276-1400 |
| | jfrank@fgllp.com |
| | jkleinman@fgllp.com |
| | |
| | *Attorneys for Defendants* |

**SO ORDERED:**
This 22nd day of July, 2019

/s/Robert D. Drain
Hon. Robert D. Drain
United States Bankruptcy Judge