

JOSEPH D. FRANK  
(312) 276-1402

FAX: (312) 276-0035  
JFRANK@FGLLP.COM

September 18, 2019

**VIA FEDERAL EXPRESS**

Honorable Robert D. Drain  
U.S. Bankruptcy Court  
for the Southern District of New York  
300 Quarropas Street  
White Plains, New York 10601

    Re:    *Great Atlantic & Pacific Tea Company, et al. v. PepsiCo, Inc. et al.*,  
           (Adv. Proc. No. 18-08245) (the "Adversary Proceeding")

Dear Judge Drain:

    We represent PepsiCo, Inc. and its related entities (collectively, the "Pepsi Defendants") in the Adversary Proceeding. We write pursuant to Paragraph 6 of the Amended Stipulation and Scheduling Order entered on July 22, 2019 [Dkt. No. 29] and Local Rule 7056-1 to request a pre-motion conference concerning the Pepsi Defendants' proposed motion for partial summary judgment (the "Motion").

    By their Motion, the Pepsi Defendants would seek summary judgment on a threshold legal issue relating to the preference claims asserted against two of the Pepsi Defendants, Bottling Group, LLC ("Pepsi") and Frito-Lay North America, Inc. ("Frito"). Specifically, the Pepsi Defendants would seek a determination that the claims to avoid and recover preferential transfers from Pepsi and Frito are barred by the statute of limitations set forth in section 546 of the Bankruptcy Code. As reflected by the docket in the Adversary Proceeding, the Great Atlantic and Pacific Tea Company and its affiliates (collectively, the "Debtors") filed their initial complaint against the Pepsi Defendants roughly two years and nine months after the Debtors' bankruptcy filing on July 19, 2015 (the "Petition Date").

    Although the Pepsi Defendants agreed to extend the time within which the Official Committee of Unsecured Creditors could pursue preference causes of action against the Pepsi Defendants, that agreement ***did not*** extend to the Debtors. Accordingly, the Pepsi Defendants seek summary judgment that the Debtors' avoidance claims against Pepsi and Frito, brought nearly nine months after the expiration of the two-year deadline imposed under section 546 of the Bankruptcy Code, are barred by the statute of limitations.

    In addition, the Debtors' Complaint seeks payment of amounts allegedly owed from 2011 through 2016. The Complaint lacks specificity with respect to the amounts due, although documents produced in discovery suggest that the amounts at issue relate almost exclusively to 2015. Nevertheless, to the extent that the Debtors seek to recover amounts due more than five

years prior to the date of the filing of the complaint, state statutes of limitation bar those claims. In the proposed Motion, the Pepsi Defendants would seek a determination that any such claims are barred.

Although fact discovery and expert discovery are not complete, the Pepsi Defendants believe it is appropriate for the Court to consider the Motion at this time. Specifically, the Motion, if granted, would: (i) resolve Counts One through Four of the pending amended complaint (the "Complaint"); (ii) obviate the need for significant portions of current outstanding discovery issued by both the Debtors and the Pepsi Defendants; and (iii) either avoid, or minimize the costs of expert discovery.

Furthermore, based on the amounts at issue in Counts One through Four, resolution of the Motion could facilitate settlement of the other claims set forth in the Complaint. Indeed, in a recent communication, Debtors' counsel stated that a ruling (either way) on such a motion could simplify the case. We have confirmed with Debtors' counsel that the Debtors do not oppose the Court's consideration of the Motion, but reserve all rights to oppose the relief sought in that Motion.

The Pepsi Defendants respectfully request that the Court, at its convenience, schedule a pre-motion conference to consider the Pepsi Defendants' request to file the proposed Motion.

Respectfully submitted,

*Joseph D. Frank*

Joseph D. Frank