Jeffrey Chubak
STORCH AMINI PC
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100
jchubak@storchamini.com
- and -
Joseph D. Frank (admitted *pro hac vice*)
Jeremy C. Kleinman (admitted *pro hac vice*)
FRANKGECKER LLP
1327 West Washington Blvd., Suite 5G-H
Chicago, Illinois 60607
(312) 276-1400
jfrank@fgllp.com
jkleinman@fgllp.com

*Attorneys for the Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>THE GREAT ATLANTIC & PACIFIC TEA COMPANY, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-23007-rdd<br><br>Jointly Administered |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.*,<br><br>Plaintiffs,<br>v.<br>PEPSICO, INC., *et al.*,<br><br>Defendants. | Adv. Proc. No. 18-08245 (RDD)<br><br>**DECLARATION OF JOSEPH D. FRANK IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON COUNTS ONE THROUGH FOUR AND PARTIAL SUMMARY JUDGMENT ON COUNTS FIVE THROUGH TWENTY-FIVE** |

---

[1] The Debtors are: 2008 Broadway, Inc.; The Great Atlantic & Pacific Tea Company, Inc.; A&P Live Better, LLC; A&P Real Property, LLC; APW Supermarket Corporation; APW Supermarkets, Inc.; Borman's, Inc.; Delaware County Dairies, Inc.; Food Basics, Inc.; Kwik Save Inc.; McLean Avenue Plaza Corp.; Montvale Holdings, Inc.; Montvale-Para Holdings, Inc.; Onpoint, Inc.; Pathmark Stores, Inc.; Plainbridge LLC; Shopwell, Inc.; Super Fresh Food Markets, Inc.; The Old Wine Emporium of Westport, Inc.; Tradewell Foods of Conn., Inc.; and Waldbaum, Inc.

Joseph D. Frank declares, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, that the following is true and correct:

1. I am a partner at the law firm FrankGecker LLP ("**FrankGecker**"), counsel for Defendants PepsiCo, Inc.; Bottling Group, LLC (d/b/a Pepsi Beverages Company and f/d/b/a The Pepsi Bottling Group ); Frito-Lay North America, Inc.; Quaker Sales and Distribution, Inc.; and Muller Quaker Dairy, LLC (collectively "**Pepsi**") in the above-captioned adversary proceeding (the "**Case**"). I submit this Declaration in support of Pepsi's Motion for Summary Judgment on Counts One through Four and Partial Summary Judgment on Counts Five through Twenty-Five (the "**Motion**") and, in particular, to place before the Court the exhibits that are described herein and annexed hereto. Capitalized terms used but not defined herein have the meaning ascribed to them in Defendants' Local Rule 7056-1(b) Statement of Material Facts Not in Dispute, submitted herewith.

2. Attached hereto as **Exhibit 1** is a true and correct copy of Debtors' Adversary Complaint initiating this Case, filed on April 16, 2018. [Dkt. No. 1]

3. Attached hereto as **Exhibit 2** is a true and correct copy of the Debtors' First Amended Adversary Complaint, filed in this Case on April 23, 2018. [Dkt. No. 3]

4. Attached hereto as **Exhibit 3** is a true and correct copy of the Debtors' Second Amended Adversary Complaint, filed in this Case on August 17, 2018. [Dkt. No. 17]

5. Attached hereto as **Exhibit 4** is a true and correct copy of Pepsi's Answer and Affirmative Defenses, filed in this Case on October 4, 2018. [Dkt. No. 23]

6. Attached hereto as **Exhibit 5** is a true and correct copy of the Declaration of Christopher W. McGarry Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the

Southern District of New York, filed in the Debtors' bankruptcy case No. 15-23007 (the "**Bankruptcy Case**") on July 20, 2015. [Bankr. Dkt. No. 4]

7. Attached hereto as **Exhibit 6** is a true and correct copy of the Application of Debtors Pursuant to 11 U.S.C. § 327(a), Fed. R. Bankr. P. 2014(a) and 2016 and Local Rules 2014-1 and 2016-1 for Authority to Retain and Employ Weil, Gotshal & Manges LLP as Attorneys for the Debtors *Nunc Pro Tunc* to the Commencement Date filed in the Bankruptcy Case on July 21, 2015. [Bankr. Dkt. No. 100]

8. Attached hereto as **Exhibit 7** is a true and correct copy of the Joint Motion of Debtors and Official Committee of Unsecured Creditors for Approval of a Global Settlement Pursuant to Bankruptcy Rule 9019(A) and Further Amending Debtors' Authority to Use Cash Collateral Pursuant to 11 U.S.C. §§ 105 And 363(C)(2) filed in the Bankruptcy Case on May 10, 2016. [Bankr. Dkt. No. 2786]

9. Attached hereto as **Exhibit 8** is a true and correct copy of the Order (A) Approving Global Settlement Agreement and (B) Further Amending Debtors' Authority to Use Cash Collateral Pursuant to 11 U.S.C. §§ 105 and 363(c)(2), filed in the Bankruptcy Case on June 6, 2016 [Bankr. Dkt. No 2868].

10. Attached hereto as **Exhibit 9** is a true and correct copy of the Global Settlement Agreement entered into as of May 10, 2016 among the Debtors, the Creditors' Committee appointed in the Debtors' Chapter 11 Cases, the Prepetition PIK Notes Trustee, the Prepetition Convertible Notes Trustee, the Unions and the Pension Plans, filed in the Bankruptcy Case on June 6, 2016. [Bankr. Dkt. No. 2868-2]

11. Attached hereto as **Exhibit 10** is a true and correct copy of the Stipulation and Tolling Agreement Extending Statutes of Limitation, dated June 19, 2017, between the Official

Committee of Unsecured Creditors appointed in the Bankruptcy Case (the "**Committee**") and Pepsi (the "**First Tolling Agreement**").

12. Attached hereto as **Exhibit 11** is a true and correct copy of the Amended Stipulation and Tolling Agreement Extending Statutes of Limitation, dated October 15, 2017, between the Committee and Pepsi (the "**Second Tolling Agreement**").

13. Attached hereto as **Exhibit 12** is a true and correct copy of the Second Amended Stipulation and Tolling Agreement Extending Statutes of Limitation, dated December 14, 2017, between the Committee and Pepsi (the "**Third Tolling Agreement**").

14. Attached hereto as **Exhibit 13** is a true and correct copy of the Third Amended Stipulation and Tolling Agreement Extending Statutes of Limitation, dated February 15, 2018, between the Committee and Pepsi (the "**Fourth Tolling Agreement**").

15. Attached hereto as **Exhibit 14** is a true and correct copy of the Fourth Amended Stipulation and Tolling Agreement Extending Statutes of Limitation, dated March 15, 2018, between the Committee and Pepsi (the "**Fifth Tolling Agreement**").

16. Attached hereto as **Exhibit 15** is a true and correct copy of the Notice of Appointment of Committee of Unsecured Creditors entered on September 21, 2015 in the bankruptcy case captioned *In re Haggen Holdings, LLC*, No. 15-11874, in the United States Bankruptcy Court for the District of Delaware (the "**Haggen Case**").

17. Attached hereto as **Exhibit 16** is a true and correct copy of the Order Authorizing and Approving the Retention of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official

Committee of Unsecured Creditors *Nunc Pro Tunc* to September 21, 2015, entered in the Haggen Case on November 10, 2015.

Executed this 4th day of October, 2019 in Chicago, Illinois.

_____<br>Joseph D. Frank, Esq.