# EXHIBIT 10

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

THE GREAT ATLANTIC & PACIFIC TEA
COMPANY, INC., *et al.*,[1]

Debtors.

Chapter 11

Case No. 15-23007 (RDD)

(Jointly Administered)

## STIPULATION AND TOLLING AGREEMENT
## EXTENDING STATUTES OF LIMITATION

This STIPULATION (the "Stipulation") is made as of this 19th day of June, 2017, between the Official Committee of Unsecured Creditors (the "Committee") of the debtors (the "Debtors") in the above-captioned cases pending under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Frito-Lay North America, Inc. and Bottling Group, LLC, and any and all affiliated entities that received payment from the Debtors during the 90 days prior to July 19, 2015 ("Pepsi") (each may be referred to as a "Party" and together as the "Parties").

## RECITALS

WHEREAS on July 19, 2015 (the "Petition Date"), the Debtors commenced their bankruptcy case by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), and have continued in the possession of their property and have continued to operate and manage its businesses as a debtor in possession pursuant to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: 2008 Broadway, Inc. (0986); The Great Atlantic & Pacific Tea Company, Inc. (0974); A&P Live Better, LLC (0799); A&P Real Property, LLC (0973); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Borman's, Inc. (9761); Delaware County Dairies, Inc. (7090); Food Basics, Inc. (1210); Kwik Save Inc. (8636); McLean Avenue Plaza Corp. (5227); Montvale Holdings, Inc. (6664); Montvale-Para Holdings, Inc. (2947); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge LLC (5965); Shopwell, Inc.(3304); Super Fresh Food Markets, Inc. (2491); The Old Wine Emporium of Westport, Inc. (0724); Tradewell Foods of Conn., Inc. (5748); and Waldbaum, Inc. (8599).

12304-002\DOCS_NY:22280.1
DOCS_LA:306577.2 00263/003

sections 1107(a) and 1108 of the Bankruptcy Code, and their chapter 11 cases are jointly administered under Case No. 15-23007 (RDD);

WHEREAS, pursuant to its *Order (A) Approving Global Settlement Agreement and (B) Further Amending Debtors' Authority to Use Cash Collateral Pursuant to 11 U.S.C. §§ 105 and 363(c)(2)* (ECF No. 2868) (the "Settlement Order"), the Bankruptcy Court granted authority for the Committee to prosecute avoidance actions on behalf of the Debtors' estates, with settlement authority to be determined by the Committee, Debtors and Lenders (collectively, the "Review Parties"). *Settlement Order*, at ¶ 5;[2]

WHEREAS, the time period for the Committee to bring certain potential Causes of Actions against Pepsi under Chapter 5 of the Bankruptcy Code expires on or about July 17, 2017; and

WHEREAS, the Committee and Pepsi desire to continue to investigate and potentially resolve any Causes of Action that the Committee may otherwise commence against Pepsi without the need for litigation;

NOW, THEREFORE, as of July 17, 2017 (the "Commencement Date"), the Committee and Pepsi hereby stipulate and agree as follows:

1. Covenant Not to Sue. In consideration of Pepsi's agreement to toll the statutes of limitation (as set forth in paragraph 2 of this Stipulation), the Committee agrees not to commence, file or initiate any Cause(s) of Action against Pepsi under Chapter 5 of the

---

[2] Terms defined herein shall have the meaning ascribed to them in the Global Settlement Agreement.

Bankruptcy Code for the period beginning on the Commencement Date through September 15, 2017.

2. <u>Tolling of Statutes of Limitation</u>. In consideration of the Committee's Covenant Not to Sue (as set forth in paragraph 1 of this Stipulation), Pepsi agrees that all statutes of limitation, including but not limited to those set forth in Section 546 of the Bankruptcy Code, applicable to any Cause(s) of Action that the Committee may bring against Pepsi are hereby extended from the Commencement Date through and including October 16, 2017 (the "Tolling Period"), and the Tolling Period shall be excluded from any calculation of any statute of limitations period applicable to any Cause(s) of Action brought by the Committee against Pepsi. Pepsi acknowledges that it will be estopped hereby from arguing that this Stipulation is ineffective to extend the time within which the Committee must commence an action to pursue the Causes of Action.

3. <u>Miscellaneous</u>.

    a. <u>Counterparts</u>. This Stipulation may be signed in counterparts and such signatures may be delivered by facsimile or other electronic means.

    b. <u>No Admission</u>. The execution of this Stipulation shall in no way operate as an admission or concession of liability or responsibility whatsoever by any Party or to any third person or entity.

    c. <u>Binding Effect</u>. This Stipulation shall inure to the benefit of, and be binding upon, any and all successors-in-interests, assigns, and legal representatives, of any Party.

    d. <u>Authority</u>. Each Party to this Stipulation and each person executing this document on behalf of any Party to this Stipulation warrants and represents that he or she

has the power and authority to execute, deliver and perform its obligations under this Stipulation.

e. <u>Entire Agreement</u>. This Stipulation sets forth the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous written and oral agreements and discussions. This Stipulation may only be amended by an agreement in writing signed by the Parties.

f. <u>No Waiver and Reservation of Rights</u>. Except as otherwise provided herein, nothing in this Stipulation shall be, or deemed to be, a waiver of any rights, remedies or privileges of any of the Parties. Except as otherwise provided herein, this Stipulation is without prejudice to any Party's rights, privileges and remedies under applicable law, whether at law or in equity, and each Party hereby reserves all of such rights, privileges and remedies under applicable law.

g. <u>No Waiver if Breach</u>. The Parties agree that no breach of any provision hereof can be waived except in writing. The waiver of a breach of any provision hereof shall not be deemed a waiver of any other breach of any provision hereof.

*[remainder of page left intentionally blank]*

h. <u>Legal Fees and Costs</u>. If legal action is instituted between the Parties to enforce or interpret or in any connection with this Stipulation, the prevailing Party shall be entitled to recover from the non-prevailing party all costs and expenses of litigation, including, without limitation, court costs, expert fees and reasonable attorneys' fees.

Dated: June 19, 2017

FRANKGECKER LLP

Jeremy C. Kleinman
325 North LaSalle Street, Suite 625
Chicago, Illinois 60654
Telephone: (312) 276-1400
Telephone: (312) 276-0035
Email: jkleinman@fgllp.com

*Attorneys for Bottling Group, LLC and Frito-Lay North America, Inc.*

Dated: June 20, 2017

PACHULSKI STANG ZIEHL & JONES LLP

Beth E. Levine
Andrew W. Caine
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: blevine@pszjlaw.com
    acaine@pszjlaw.com

*Attorneys for the Official Committee of Unsecured Creditors*