UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-23007-rdd<br><br>(Jointly Administered) |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., et al.,<br>Plaintiff,<br><br>- against –<br><br>PEPSICO, INC.;BOTTLING GROUP, LLC (d/b/a Pepsi Beverages Company and f/d/b/a The Pepsi Bottling Group); FRITO-LAY NORTH AMERICA, INC.; QUAKER SALES AND DISTRIBUTION, INC.; MULLER QUAKER DAIRY, LLC; STACY'S PITA CHIP COMPANY, INC.; PEPSI BOTTLING GROUP, NJ; and PEPSI USA,<br><br>Defendants. | Adv. Pro. No. 18-8245-rdd |

## SECOND AMENDED SCHEDULING AND PRETRIAL ORDER

**The parties cannot amend this order by stipulation or otherwise, and the Court will not amend it unless presented with (i) proof of cause beyond the control of the party seeking amendment and (ii) timely application as soon as possible after the party seeking amendment learns of the cause. FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTION. If delay or other act or omission of your adversary may result in a sanction against you, it is incumbent on you to promptly bring this matter to the Court for relief.**

It is hereby ORDERED as follows:

1. Pursuant to Rule 16(b)(3)(A), the deadline to join other parties or amend the pleadings shall be December 21, 2018.

---

[1] The Debtors are: 2008 Broadway, Inc.; The Great Atlantic & Pacific Tea Company, Inc.; A&P Live Better, LLC; A&P Real Property, LLC; APW Supermarket Corporation; APW Supermarkets, Inc.; Borman's, Inc.; Delaware County Dairies, Inc.; Food Basics, Inc.; Kwik Save Inc.; McLean Avenue Plaza Corp.; Montvale Holdings, Inc.; Montvale-Para Holdings, Inc.; Onpoint, Inc.; Pathmark Stores, Inc.; Plainbridge LLC; Shopwell, Inc.; Super Fresh Food Markets, Inc.; The Old Wine Emporium of Westport, Inc.; Tradewell Foods of Conn., Inc.; and Waldbaum, Inc.

2. The Defendants shall file a motion for summary judgment asserting that any or all causes of action that the Plaintiff asserts against them in its Second Amended Complaint in this Adversary Proceeding are barred by the applicable statutes of limitations by no later than October 4, 2019.

a) The Plaintiff's opposition to the Defendants' motion for summary judgment shall be filed and served no later than November 4, 2019.

b) The Defendants' reply to the Plaintiff's opposition shall be due no later than November 26, 2019.

c) The Defendants' motion is set for hearing on December 17, 2019 at 10:00 a.m.

3. Discovery in this Adversary Proceeding shall be stayed as follows:

a) Factual and expert depositions shall not be noticed for a date earlier than 120 days from the date of this Order.

b) The parties to this Adversary Proceeding shall not serve on each other additional requests for admission, interrogatories or requests for production any earlier than 120 days after the date of this Order.

c) Notwithstanding the provisions of subsections 3(a) and 3(b) immediately above, the parties to this Adversary Proceeding shall respond in full to requests for admissions, interrogatories and requests for production served on them prior to October 1, 2019.

4. All fact discovery shall be completed by June 1, 2020. In the event of a dispute over discovery, the parties' counsel shall promptly confer to attempt in good faith to resolve the dispute. If, notwithstanding their good faith efforts to do so, they are unable to resolve a discovery issue, they shall promptly inform the Court by letter of the nature of the dispute and request a telephonic discovery conference. At the conference, the Court will ask the parties about their prior efforts to resolve the dispute.

5. The parties shall identify expert witnesses and serve the written reports or disclosures required by Rule 26(a)(2)(B)-(C) by June 1, 2020. Expert depositions shall be completed by July 31, 2020.

6. The parties shall identify any rebuttal expert witness who will testify solely in opposition to the experts and opinions disclosed pursuant to Paragraph 5 above, and serve the related written reports or disclosures required by Rule 26(a)(2)(B)-(C), by July 31, 2020.

7. Either or both parties may seek leave under the Local Bankruptcy Rules to move for summary judgment (other than a motion for summary judgment asserting the expiration of applicable statutes of limitations) under Rule 56 after completion of discovery and before taking the steps set forth in Paragraphs 8-11 below. If such request is granted, the parties shall schedule the adjourned final pretrial conference to take place approximately one month after the scheduled hearing on summary judgment.

8. The Court will hold a final pretrial conference August 12, 2020, at 10:00 a.m. (unless a party has previously obtained permission under the Local Bankruptcy Rules to move for summary judgment, which motion shall be heard at that date and time), <u>at which time the parties must be prepared to proceed to trial within two weeks.</u>

9. In advance of the final pretrial conference, the parties shall have conferred and used their best efforts to agree on a joint exhibit book and shall have identified any exhibits whose admissibility is not agreed.

10. In addition, on or before two weeks before the final pretrial conference, the parties shall have exchanged proposed witness lists.

11. On or before one week before the scheduled trial date, the parties shall (a) submit to chambers declarations under penalty of perjury or affidavits of their direct witnesses, who shall be present at trial for cross-examination and redirect, or have sought the Court's permission to examine direct witnesses at trial, and (b) submit to chambers the joint exhibit book referred to in Paragraph 9 hereof.

Dated: October 15, 2019
       White Plains, New York

    /s/Robert D. Drain
    Honorable Robert D. Drain
    United States Bankruptcy Judge