**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
Philip J. Duffy, Esq.
Telephone: (973) 596-4821
Facsimile: (973) 639-6219
E-mail: Pduffy@gibbonslaw.com
David N. Crapo, Esq.
Telephone: (973) 596-4523
Facsimile: (973) 639-6244
E-mail: Dcrapo@gibbonslaw.com

*Special Counsel for the Plaintiff,*
*The Great Atlantic & Pacific Tea Company, Inc., et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>THE GREAT ATLANTIC & PACIFIC TEA COMPANY, Inc., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 15-23007 (RDD)<br><br>(Jointly Administered) |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC. *et al.*<br><br>Plaintiff,<br><br>v.<br><br>PEPSICO, INC; BOTTLING GROUP, LLC (d/b/a PEPSI BEVERAGES COMPANY and f/d/b/a THE PEPSI BOTTLING GROUP); FRITO-LAY NORTH AMERICA, INC.; QUAKER SALES AND DISTRIBUTION, INC.; MULLER QUAKER DAIRY, LLC; STACY'S PITA CHIP COMPANY, INC.; PEPSI BOTTLING GROUP NJ; and PEPSI USA,<br><br>Defendants. | Adv. Proc. No. 18-08245 (rdd)<br><br>**DECLARATION OF ANDREW W. CAINE, ESQ., IN SUPPORT OF DEBTORS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON COUNTS ONE THROUGH FOUR AND PARTIAL SUMMARY JUDGMENT ON COUNTS FIVE THROUGH TWENTY-FIVE** |

2759245.1 032596-97802

Andrew W. Caine declares pursuant to 28 U.S.C. § 1746 and under the penalty of perjury that the following statements by me are true and correct:

1. I am an attorney and a partner in the law firm of Pachulski, Stang, Ziehl & Jones, which represents the Official Committee of Unsecured Creditors ("**Committee**") in the above-captioned jointly administered Chapter 11 cases (collectively, "**Bankruptcy Case**"). I am authorized to and do submit this Declaration in support of the Debtors' Opposition to the Defendants' Motion for Summary Judgment on Counts One Through Four and Partial Summary Judgment on Counts Five Through Twenty-Five. As a result of my representation of the Committee, I have obtained personal knowledge of the facts set forth herein.

2. My representation of the Committee has involved the administration, prosecution and liquidation of the Debtors' avoidance claims, including the preferential transfer claims (hereafter, collectively, "**Pepsi Avoidance Actions**") that are the subject of this Adversary Proceeding.

3. I am familiar with the provisions of a Global Settlement Agreement ("**GSA**") among the Debtors, Official Committee of Unsecured Creditors ("**Committee**") in the above-caption jointly administered Chapter 11 cases (collectively, "**Bankruptcy Case**"), the Prepetition Notes Secured Parties (as defined in the GSA) and the Unions (as defined in the GSA), which was approved by this Court's Order (A) Approving Global Settlement Agreement and (B) Further Amending Debtors' Authority to Use Cash Collateral Pursuant to 11 U.S.C. §§ 105 and 363(a) ("GSA Approval Order") dated June 6, 2016. [Bankr. Case Dkt. No. 2868]

4. I am aware that the GSA provides for the Committee to prosecute Avoidance Actions (as defined in the GSA) on behalf of the Debtors' bankruptcy estates and subject to the direction and oversight of the Oversight Committee (as defined in the GSA) with respect to the

prosecution, settlement, abandonment or other decisions regarding the Avoidance Actions. Bankr. Case Dkt. No. 2868-2, Exh. A, § 4(a).

5. The Oversight Committee consists of: (i) the Debtors' collectively designated member; (ii) the Prepetition Notes Secured Parties' designated member; and (iii) the Committee designated member.

6. Between June of 2016 and March of 2018 ("**Pre-Litigation Period**"), my firm, Pachulski, Stang, Ziehl & Jones LLP ("Pachulski"), as the Committee's counsel, investigated, discussed the merits of and attempted to negotiate a consensual resolution of the Pepsi Avoidance Actions.

7. I was the Pachulski attorney with primary responsibility for negotiating that resolution.

8. During the Pre-Litigation Period, I had many contacts with Jeremy C. Kleinman, Esq. of FrankGecker concerning the resolution of the preferential transfer claims giving rise to the Pepsi Avoidance Actions. I received informal offers concerning the resolution of those claims and ultimately a formal, written offer of settlement from the Defendants. When I received offers from the Defendants, I presented them to the Oversight Committee for review and comment. I understood that the Committee could not unilaterally enter into settlement agreements with the Defendants.

9. Additionally, the Oversight Committee was to approve the extensions of the statute of limitations for the Pepsi Avoidance Actions. For that reason, when an extension of the statute of limitations for the Pepsi Avoidance Action appeared beneficial or necessary, either the Committee designee to the Oversight Committee or I would consult with the other members of the Oversight Committee about such an extension to obtain the necessary approval. However, at

2

no time did counsel for the Defendants ever advise me that the Defendants would not enter into agreements to toll the statutes of limitations for the Pepsi Avoidance Actions unless the Committee was the counterparty.

10. In January of 2018, I received formal settlement proposals dated January 4, 2018 from counsel for, *inter alia*, the Defendants. I presented these proposals to the Oversight Committee and other interested individuals for review.

11. After considering the last proposal, the Oversight Committee rejected the proposal on March 16, 2018. I understood from discussions with members of the Oversight Committee that the next step with respect to the Pepsi Avoidance Actions would be litigation.

12. Although Pachulski had been negotiating a consensual resolution of the Pepsi Avoidance Actions with, *inter alia*, the Defendants in this Adversary Proceeding, the Oversight Committee choose a different firm to litigate the Pepsi Avoidance Action against the Defendants. Pachulski does not and did not have an actual conflict that would have precluded its participation as counsel of record.

13. In connection with negotiating an amicable resolution of the Pepsi Avoidance Actions, I was tasked with negotiating a consensual resolution of certain accounts receivable claims of the Debtors against the Defendants that arose out of promotional transaction. I was aware, and told counsel for Pepsi, that the GSA does not authorize the Committee to prosecute any claims of the Debtors other than the Avoidance Actions.

14. I understand that, by April 2, 2018, the Oversight Committee authorized Gibbons P.C. to prosecute the Pepsi Avoidance Actions and the aforesaid promotional accounts receivable claims against the Defendants.

15. I also understand that, on April 16, 2018, Gibbons P.C. filed the initial complaint ("**Original Complaint**") in this Adversary Proceeding on behalf of both the Committee and the Debtors.

16. Pachulski noted to the Oversight Committee and Gibbons that the Gibbons firm had previously been retained in the chapter 11 cases as special counsel to the Debtors, and Gibbons thereafter corrected the complaint accordingly.

Dated: November 4, 2019
Los Angeles, California

_____
Andrew W. Caine