**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
Philip J. Duffy, Esq.
Telephone: (973) 596-4821
Facsimile: (973) 639-6219
E-mail: Pduffy@gibbonslaw.com
David N. Crapo, Esq.
Telephone: (973) 596-4523
Facsimile: (973) 639-6244
E-mail: Dcrapo@gibbonslaw.com

*Special Counsel for the Plaintiff,*
*The Great Atlantic & Pacific Tea Company, Inc., et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>THE GREAT ATLANTIC & PACIFIC TEA COMPANY, Inc., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 1523007 (RDD)<br><br>(Jointly Administered) |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC. *et al.*<br><br>Plaintiff,<br><br>v.<br><br>PEPSICO, INC; BOTTLING GROUP, LLC (d/b/a PEPSI BEVERAGES COMPANY and f/d/b/a THE PEPSI BOTTLING GROUP); FRITO-LAY NORTH AMERICA, INC.; QUAKER SALES AND DISTRIBUTION, INC.; MULLER QUAKER DAIRY, LLC; STACY'S PITA CHIP COMPANY, INC.; PEPSI BOTTLING GROUP NJ; and PEPSI USA,<br><br>Defendants. | Adv. Proc. No. 18-08245 (rdd)<br><br>**DECLARATION OF ADAM C. HARRIS, ESQ., IN SUPPORT OF DEBTORS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON COUNTS ONE THROUGH FOUR AND PARTIAL SUMMARY JUDGMENT ON COUNTS FIVE THROUGH TWENTY-FIVE** |

Adam C. Harris declares pursuant to 28 U.S.C. § 1746 and under the penalty of perjury that the following statements by me are true and correct:

1. I am an attorney and a partner in the law firm of Schulte, Roth & Zabel LLP, which represents Mount Kellett Master Fund II, L.P. ("**Mount Kellett**"), a secured creditor and equity interest holder in the above-captioned jointly administered Chapter 11 cases (collectively, "**Bankruptcy Case**"). I am authorized to and do submit this Declaration in support of the Debtors' Opposition to the Defendants' Motion for Summary Judgment on Counts One Through Four and Partial Summary Judgment on Counts Five Through Twenty-Five. As a result of my representation of Mount Kellett, I have obtained personal knowledge of the facts set forth herein.

2. My representation of Mount Kellett has included oversight of the administration, prosecution and liquidation of the Debtors' avoidance claims, including the preferential transfer claims that are the subject of this Adversary Proceeding (hereafter, collectively, "**Pepsi Avoidance Actions**").

3. I am familiar with the provisions of a Global Settlement Agreement ("**GSA**") among the Debtors, the Official Committee of Unsecured Creditors ("**Committee**") in the above-captioned jointly administered Chapter 11 cases (collectively, "**Bankruptcy Case**") and the Prepetition Notes Secured Parties (as defined in the GSA), among others, which was approved by this Court's Order (A) Approving Global Settlement Agreement and (B) Further Amending Debtors' Authority to Use Cash Collateral Pursuant to 11 U.S.C. §§ 105 and 363(a) ("**GSA Approval Order**") dated June 6, 2016. [Bankr. Case Dkt. No. 2868]

4. I am aware that the GSA provides for the Committee to prosecute Avoidance Actions (as defined in the GSA) on behalf of the Debtors' bankruptcy estates and their creditors (as provided in the GSA) — and not in any other capacity — and subject to the direction and

oversight of the Oversight Committee (as defined in the GSA) with respect to the prosecution, settlement, abandonment or other decisions regarding the Avoidance Actions. Bankr. Case Dkt. No. 2868-2, Exh. A, § 4(a).

5.  The Oversight Committee consists of: (i) the Debtors' collectively designated member; (ii) the Prepetition Notes Secured Parties' designated member; and (iii) the Committee designated member. I have been acting as the Prepetition Notes Secured Parties' designated member of the Oversight Committee since its formation.

6.  Between June of 2016 and March of 2018, the Committee's counsel, Pachulski, Stang, Ziehl & Jones LLP ("Pachulski") was responsible for pursuing the Pepsi Avoidance Actions. It is my understanding that during that period of time, Pachulski attempted to negotiate a consensual resolution of those Actions for the benefit of the Debtors' estates and their creditors.

7.  In or about March of 2018, it became clear that there would be no consensual resolution of the claims underlying the Pepsi Avoidance Actions and that commencement of litigation would be required.

8.  By this time, it became clear to me and the designee of the Debtors on the Oversight Committee that a potential conflict precluded Pachulski from litigating the Pepsi Avoidance Action against the Defendants and that, in light of that potential conflict, Gibbons P.C. should be retained to prosecute the Pepsi Avoidance Actions.

9.  The Oversight Committee also determined that judicial economy would be served by having both the Pepsi Avoidance Actions and certain promotional accounts receivable claims the Debtors held against the Defendants prosecuted in the same civil action. The GSA does not

authorize the Committee to prosecute any claims of the Debtors other than the Avoidance Actions.

10. By April 2, 2018, as authorized by § 4(a) of the GSA, the Oversight Committee authorized Gibbons P.C. to prosecute the Pepsi Avoidance Actions and certain promotional accounts receivable claims against the Defendants.

11. On April 16, 2018, with the authorization of the Oversight Committee, Gibbons P.C. filed the initial complaint ("**Original Complaint**") in this Adversary Proceeding on behalf of both the Committee and the Debtors.

12. The Committee subsequently objected to the Original Complaint being filed on its behalf as well as the Debtors, but agreed that the Debtors could prosecute the Pepsi Avoidance Actions asserted in the Original Complaint.

13. In response to the Committee's objection, on April 23, 2018, the Debtors filed the First Amended Complaint in the Adversary Proceeding.

14. It was always clear that, in light of the express terms of the GSA, the Committee was prosecuting the Pepsi Avoidance Actions on behalf of the Debtors' estates and their creditors. Therefore, when dealing with the Committee, the Defendants knew or should have known that they were dealing with a representative of those estates, and that any agreement reached with the Committee would inure to the benefit of the Debtors estates.

Dated: November 4, 2019
New York, New York

_____
Adam C. Harris