**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
Philip J. Duffy, Esq.
Telephone: (973) 596-4821
Facsimile: (973) 639-6219
E-mail: Pduffy@gibbonslaw.com
David N. Crapo, Esq.
Telephone: (973) 596-4523
Facsimile: (973) 639-6244
E-mail: Dcrapo@gibbonslaw.com

*Special Counsel for the Plaintiff,*
*The Great Atlantic & Pacific Tea Company, Inc., et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>THE GREAT ATLANTIC & PACIFIC TEA COMPANY, Inc., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 15-23007 (RDD)<br><br>(Jointly Administered) |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC. *et al.*<br><br>Plaintiff,<br><br>v.<br><br>PEPSICO, INC; BOTTLING GROUP, LLC (d/b/a PEPSI BEVERAGES COMPANY and f/d/b/a THE PEPSI BOTTLING GROUP); FRITO-LAY NORTH AMERICA, INC.; QUAKER SALES AND DISTRIBUTION, INC.; MULLER QUAKER DAIRY, LLC; STACY'S PITA CHIP COMPANY, INC.; PEPSI BOTTLING GROUP NJ; and PEPSI USA,<br><br>Defendants. | Adv. Proc. No. 18-08245 (rdd)<br><br>**DECLARATION OF JEANNE M. BOYLE, ESQ., IN SUPPORT OF DEBTORS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON COUNTS ONE THROUGH FOUR AND PARTIAL SUMMARY JUDGMENT ON COUNTS FIVE THROUGH TWENTY-FIVE** |

2761109.1 032596-97802

Jeanne M. Boyle declares pursuant to 28 U.S.C. § 1746 and under the penalty of perjury that the following statements by me are true and correct:

1. I am an attorney and am Senior Legal Counsel with The Great Atlantic & Pacific Tea Company, Inc. and have been so employed since May 18, 2015. In this capacity, I serve the above-captioned Debtors and Debtors-in-Possession, The Great Atlantic & Pacific Tea Company, *et al.* (collectively, "**Debtors**"), the plaintiffs in this adversary proceeding ("**Adversary Proceeding**"). I am authorized to and do submit this Declaration in support of the Debtors' Opposition to the Defendants' Motion for Summary Judgment on Counts One Through Four and Partial Summary Judgment on Counts Five Through Twenty-Five. As a result of the performance of my duties, I have obtained personal knowledge of the facts set forth herein.

2. My responsibilities to the Debtors have included oversight over the administration, prosecution and liquidation of the Debtors' avoidance and contractual claims. In that regard, my responsibilities have included oversight over the preferential transfer claims (hereafter, collectively, "**Pepsi Avoidance Actions**") that are the subject of this Adversary Proceeding.

3. I am familiar with the provisions of a Global Settlement Agreement ("**GSA**") among the Debtors, the Official Committee of Unsecured Creditors ("**Committee**") in the above-caption jointly administered Chapter 11 cases (collectively, "**Bankruptcy Case**"), the Prepetition Notes Secured Parties (as defined in the GSA), the Unions (as defined in the GSA) and Pension Plans (as defined in the GSA), which was approved by this Court's Order (A) Approving Global Settlement Agreement and (B) Further Amending Debtors' Authority to Use

Cash Collateral Pursuant to 11 U.S.C. §§ 105 and 363(c)(2) ("GSA Approval Order") dated June 6, 2016. [Bankr. Case Dkt.[1] No. 2868]

4. I am aware that the GSA provides for the Committee to prosecute Avoidance Actions (as defined in the GSA) on behalf of the Debtors' bankruptcy estates and subject to the direction and oversight of the Oversight Committee (as defined in the GSA) with respect to the prosecution, settlement, abandonment or other decisions regarding the Avoidance Actions. Bankr. Case Dkt. No. 2868-2, § 4(a).

5. The Oversight Committee consists of: (i) the Debtors' collectively designated member; (ii) the Prepetition Notes Secured Parties designated member; and the (iii) Committee designated member. Since mid-February of 2018, I have been the Oversight Committee's designee on behalf of the Debtors with respect to the Pepsi Avoidance Actions.

6. Between June of 2016 and March of 2018, the Committee's counsel, Pachulski, Stang, Ziehl & Jones LLP ("**Pachulski**") was trying to resolve the Pepsi Avoidance Actions. To that end, Pachulski attempted to negotiate a consensual resolution of those Actions.

7. The attorney at Pachulski with whom I primarily dealt with concerning the Pepsi Avoidance Actions was Andrew W. Caine.

8. The Oversight Committee was to approve the extensions of the statute of limitations for the Pepsi Avoidance Actions. As the Debtors' Oversight Committee designee for the Pepsi Avoidance Actions, I discussed the final extension of the statute of limitations to April 16, 2018 for the Pepsi Avoidance Actions with Mr. Caine, because this extension was desired by the Debtors.

---

[1] References to the "Bankr. Case Dkt. No. are to the docket in the Bankruptcy Case.

2

9. When Mr. Caine received an offer of settlement from the Defendants, he presented it to the Oversight Committee for review and comment. The Committee could not unilaterally enter into settlement agreements with the Defendants.

10. In January of 2018, Mr. Caine presented the Oversight Committee and other interested individuals with formal written settlement offers dated January 4, 2018 that he had received from, *inter alia*, counsel for the Defendants to resolve, *inter alia*, the Pepsi Avoidance Actions.

11. After considering the proposals, the Oversight Committee rejected them on March 16, 2018. In doing so, the Oversight Committee understood that the next step would be litigation.

12. By this time, it became clear to me and the designee of the Prepetition Notes Secured Parties on the Oversight Committee that a potential conflict precluded Pachulski from litigating the Pepsi Avoidance Action against the Defendants and that, given this potential conflict, Gibbons P.C. should prosecute the Pepsi Avoidance Actions.

13. The Oversight Committee also determined that judicial economy would be served by having both the Pepsi Avoidance Actions and certain promotional accounts receivable claims the Debtors held against the Defendants asserted in the same civil action. The GSA did not authorize the Committee to prosecute any claims of the Debtors other than the Avoidance Actions.

14. By April 2, 2018, as authorized by § 4(a) of the GSA, the Oversight Committee had authorized Gibbons P.C. to prosecute the Pepsi Avoidance Actions and certain promotional accounts receivable claims against the Defendants.

2761109.1 032596-97802

15. On April 16, 2018, with the authorization of the Oversight Committee, Gibbons P.C. filed the initial complaint ("**Original Complaint**") in this Adversary Proceeding on behalf of both the Committee and the Debtors.

16. Pachulski on behalf of the Committee subsequently objected to the Original Complaint being filed on behalf of the Committee as well as the Debtors and agreed that the Debtors could prosecute the Pepsi Avoidance Actions asserted in the Original Complaint.

17. In response to this objection, on April 23, 2018, the Debtors filed the First Amended Complaint in the Adversary Proceeding.

Dated: November 4, 2019                         /s/ Jeanne M. Boyle
      Ramsey, New Jersey                         Jeanne M. Boyle