Jeffrey Chubak
AMINI LLC
140 East 45th Street, 25th Floor
New York, New York 10017
p(212) 497-8247
jchubak@aminillc.com
- and -
Joseph D. Frank (admitted *pro hac vice*)
Jeremy C. Kleinman (admitted *pro hac vice*)
FRANKGECKER LLP
1327 West Washington Boulevard, Suite 5G-H
Chicago, Illinois 60607
(312) 276-1400
jfrank@fgllp.com
jkleinman@fgllp.com
*Attorneys for the Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> THE GREAT ATLANTIC & PACIFIC TEA COMPANY, Inc., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 15-23007-rdd <br><br> Jointly Administered |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PEPSICO, INC., *et al.*, <br><br> Defendants. | <br><br><br><br> Adv. Proc. No. 18-08245-rdd <br><br> **STATEMENT OF ADDITIONAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON COUNTS ONE THROUGH FOUR AND PARTIAL SUMMARY JUDGMENT ON COUNTS <u>FIVE THROUGH TWENTY-FIVE</u>** |

---

[1] The Debtors are: 2008 Broadway, Inc.; The Great Atlantic & Pacific Tea Company, Inc.; A&P Live Better, LLC; A&P Real Property, LLC; APW Supermarket Corporation; APW Supermarkets, Inc.; Borman's, Inc.; Delaware County Dairies, Inc.; Food Basics, Inc.; Kwik Save Inc.; McLean Avenue Plaza Corp.; Montvale Holdings, Inc.; Montvale-Para Holdings, Inc.; Onpoint, Inc.; Pathmark Stores, Inc.; Plainbridge LLC; Shopwell, Inc.; Super Fresh Food Markets, Inc.; The Old Wine Emporium of Westport, Inc.; Tradewell Foods of Conn., Inc.; and Waldbaum, Inc.

Defendants PepsiCo, Inc.; Bottling Group, LLC (d/b/a Pepsi Beverages Company and f/d/b/a The Pepsi Bottling Group ); Frito-Lay North America, Inc.; Quaker Sales and Distribution, Inc.; and Muller Quaker Dairy, LLC; (collectively "**Pepsi**") make this Statement of Additional Material Facts (the "**SAMF**") in Support of Pepsi's Motion for Summary Judgment on Counts One Through Four and Partial Summary Judgment on Counts Five Through Twenty-Five (the "**Motion**") in accordance with Local Bankruptcy Rule 7056-1.

**Pachulski and the Committee**

1. Pachulski Stang Ziehl & Jones LLP represents the Official Committee of Unsecured Creditors (the "**Committee**") in these bankruptcy cases. (*See, e.g.*, Application of the Official Committee of Unsecured Creditors of the Debtors to Retain and Employ Pachulski Stang Ziehl & Jones LLP as Counsel *Nunc Pro Tunc* to July 24, 2015 [Dkt. No. 676] (the "**Committee Counsel Motion**"); *see also*, Order Authorizing and Approving the Employment of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors of the Debtors *Nunc Pro Tunc* to July 24, 2015 [Dkt. No. 1059] (the "**Committee Counsel Order**")).[2]

2. On August 28, 2015, the Committee filed the Committee Counsel Motion. [Dkt. No. 676]. The Committee Counsel Motion stated that "[o]n July 24, 2015, the Committee held its initial meeting and, among other things, voted to retain the Firm as its counsel, subject to court approval." (*Id.*, ¶ 5).

3. The Committee Counsel Order expressly authorized Pachulski "to sign and file electronically all notices, orders, motions, applications and other requests for relief, all briefs, memoranda, affidavits, declarations, replies and other documents filed in support of such

---

[2] All references to "Dkt. No." in this SAMF refer to the Debtors' bankruptcy case docket.

documents and all objections and responses related to any such documents filed by any party in these chapter 11 cases."

**Gibbons and the Debtors**

4.  Gibbons P.C. ("**Gibbons**") represents the debtors (the "**Debtors**") in these bankruptcy cases. (*See* Motion of Debtors Pursuant to 11 U.S.C. §§ 105(a), 327, and 330 for Authority to Employ Professionals Used in the Ordinary Course of Business *Nunc Pro Tunc* to the Commencement Date [Dkt. No. 191]; Affidavit and Disclosure Statement of Phillip J. Duffy, on Behalf of Gibbons P.C. [Dkt. No. 584]; Order Pursuant to 11 U.S.C. §§ 105(a), 327 and 330 of the Bankruptcy Code Authorizing the Debtors to Employ Professionals Used in the Ordinary Course of Business [Dkt. No. 514]; Application of Debtors Pursuant to 11 U.S.C. § 327(e), Fed. R. Bankr. P. 2014 and Local Rule 2014-1 for Authority to Retain and Employ Gibbons P.C. as Special Counsel to the Debtors *Nunc Pro Tunc* to April 1, 2017 [Dkt. No. 3782]; Order Pursuant to 11 U.S.C. § 327(a), Fed. R. Bankr. P. 2014 and Local Rule 2014-1 Authorizing the Debtors to Retain and Employ Gibbons P.C. as Special Counsel to the Debtors *Nunc Pro Tunc* to April 1, 2017 [Dkt. No. 3824]; Supplemental Affidavit of Phillip J. Duffy, Esq. Pursuant to Fed. R. Bankr. P. 2014(a) in Further Support of the Application to Retain Gibbons P.C. as Special Counsel to the Debtors [Dkt. No. 4006]; Second Supplemental Affidavit of Phillip J. Duffy, Esq. Pursuant to Fed. R. Bankr. P. 2014(a) in Further Support of the Application to Retain Gibbons P.C. as Special Counsel to the Debtors [Dkt. No. 4051]; Supplemental Application of Debtors Pursuant to 11 U.S.C. § 327(e), Fed. R. Bankr. P. 2014 and Local Rule 2014-1 for Authority to Retain and Employ Gibbons P.C. as Special Conflicts Counsel to the Debtors *Nunc Pro Tunc* to April 2, 2018 [Dkt. 4064] (the "**Conflicts Counsel Motion**"); and Supplemental Order Pursuant to 11 U.S.C. § 327(e), Fed. R. Bankr. P. 2014 and Local Rule 2014-1 Authorizing the Debtors to Retain and Employ Gibbons

P.C. as Special Conflicts Counsel to the Debtors *Nunc Pro Tunc* to April 2, 2018 [Dkt. No. 4085] (the "**Conflicts Counsel Order**")). In addition, as of the date of this SAMF, Gibbons has filed twenty-six monthly fee statements (*see* Twenty-Sixth Monthly Fee Statement of Gibbons P.C. as Special Counsel to the Debtors for Compensation and Reimbursement of Expenses for the Period October 1, 2019 through October 31, 2019 [Dkt. No. 4479] and seven interim applications for compensation [Dkt. No. 4440] as special counsel for the Debtors.

5. On May 8, 2018, the Debtors filed the Conflicts Counsel Motion. In the Conflicts Counsel Motion, the Debtors sought Court approval to retain Gibbons as Debtors' counsel in connection with this adversary proceeding. (Conflicts Counsel Motion, ¶ 25). The Debtors stated that it was in their best interests for Gibbons to represent the Debtors. (*Id.*, *passim*).

6. The Conflicts Counsel Order authorized the Debtors to employ and retain Gibbons as Debtors' counsel on the terms set forth in the Conflicts Counsel Motion. (Conflicts Counsel Order, p. 2).

Dated: November 26, 2019

Respectfully submitted,

/s/ Jeffrey Chubak
Jeffrey Chubak
AMINI LLC
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 497-8247
jchubak@aminillc.com
- and -
Joseph D. Frank (admitted pro hac vice)
Jeremy C. Kleinman (admitted pro hac vice)
FRANKGECKER LLP
1327 West Washington Boulevard, Ste. 5G-H
Chicago, Illinois 60607
(312) 276-1400
jfrank@fgllp.com
jkleinman@fgllp.com
*Attorneys for the Defendants*