**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-23007-rdd<br><br>Jointly Administered |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., et al.,<br><br>Plaintiff,<br><br>- against –<br><br>PEPSICO, INC.; BOTTLING GROUP, LLC (d/b/a Pepsi Beverages Company and f/d/b/a The Pepsi Bottling Group); FRITO-LAY NORTH AMERICA, INC.; QUAKER SALES AND DISTRIBUTION, INC.; MULLER QUAKER DAIRY, LLC; STACY'S PITA CHIP COMPANY, INC.; PEPSI BOTTLING GROUP, NJ; and PEPSI USA,<br><br>Defendants. | Adv. Pro. No. 18-8245-rdd |

## THIRD AMENDED SCHEDULING AND PRETRIAL ORDER

**The parties cannot amend this order by stipulation or otherwise, and the Court will not amend it unless presented with (i) proof of cause beyond the control of the party seeking amendment and (ii) timely application as soon as possible after the party seeking amendment learns of the cause. FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTION. If delay or other act or omission of your adversary may result in a sanction against you, it is incumbent on you to promptly bring this matter to the Court for relief.**

It is hereby ORDERED as follows:

1.     Pursuant to Rule 16(b)(3)(A), the deadline to join other parties or amend the pleadings shall be December 21, 2018.

---

[1] The Debtors are: 2008 Broadway, Inc.; The Great Atlantic & Pacific Tea Company, Inc.; A&P Live Better, LLC; A&P Real Property, LLC; APW Supermarket Corporation; APW Supermarkets, Inc.; Borman's, Inc.; Delaware County Dairies, Inc.; Food Basics, Inc.; Kwik Save Inc.; McLean Avenue Plaza Corp.; Montvale Holdings, Inc.; Montvale-Para Holdings, Inc.; Onpoint, Inc.; Pathmark Stores, Inc.; Plainbridge LLC; Shopwell, Inc.; Super Fresh Food Markets, Inc.; The Old Wine Emporium of Westport, Inc.; Tradewell Foods of Conn., Inc.; and Waldbaum, Inc.

1

    2.    This matter is hereby immediately referred for mediation as follows:

a) The Plaintiffs and Defendants shall jointly agree on a mediator by no later than May 21, 2020.

b) In the event that the Plaintiffs and Defendants are unable to agree to a mediator, they shall each submit a list of three mediators to the Court, and the Court shall choose a mediator and an alternate in the event of a conflict precluding the mediator's service as a mediator. To facilitate any necessary choice of a mediator by the Court, before submitting their respective lists of mediators, the Plaintiffs shall contact the mediators on their list and provide each prospective mediator with a copy of the Second Amended Complaint in this action to permit the prospective mediator to determine if any conflicts exist that would preclude the prospective mediator from serving as mediator.

c) The mediation shall take place no later than July 31, 2020.

d) If possible, the mediation will take place in person.

e) If the mediation takes place in person, it will take place in a location within the City of New York at a location agreed to by the Plaintiffs, Defendants and the Mediator.

f) If the COVID-19 emergency prevents the mediation from taking place in person, the mediation shall take place via teleconference, videoconference or via such other appropriate means to which the parties agree.

g) Under no circumstances will the mediation take place after July 31, 2020, unless the Plaintiffs, the Defendants and the Mediator agree, each in their sole discretion, to a later date.

h) The cost of the mediation shall be borne equally by the parties, with the Plaintiffs paying 50% of the costs and the Defendants paying 50% of the costs, with each party bearing its own costs.

i) The procedures for the conduct of the mediation, including the timing and exchange of mediation reports, will be set by the Mediator; provided, that an absolute mediation privilege shall apply and, further, the Mediator shall not communicate anything to the Court regarding the mediation with the exception of (a) the parties who attended and whether the mediation resulted in an agreement, (b) the exceptional circumstance of a party's not negotiating in good faith, and (c) otherwise as expressly authorized by the parties.

j) All mediation communications, whether written, oral or electronic, shall remain confidential and any such communications shall be inadmissible before this or any other Court or tribunal.

    3.    Discovery in this Adversary Proceeding shall be stayed as follows:

a) Factual and expert depositions shall not be noticed for a date earlier than the later of 90 days from August 31, 2020 or the conclusion of the mediation for which provision is made in paragraph 2 above.

b) The parties to this Adversary Proceeding shall not serve on each other additional requests for admission, interrogatories or requests for production any earlier than the later of 90 days from August 31, 2020 or the conclusion of the mediation for which provision is made in paragraph 2 above.

c) Notwithstanding the provisions of subsections 3(a) and 3(b) immediately above, the parties to this Adversary Proceeding shall respond in full to requests for admissions, interrogatories and requests for production served on them prior to October 1, 2019.

4. All fact discovery shall be completed by February 28, 2021. In the event of a dispute over discovery, the parties' counsel shall promptly confer to attempt in good faith to resolve the dispute. If, notwithstanding their good faith efforts to do so, they are unable to resolve a discovery issue, they shall promptly inform the Court by letter of the nature of the dispute and request a telephonic discovery conference. At the conference, the Court will ask the parties about their prior efforts to resolve the dispute.

5. The parties shall identify expert witnesses and serve the written reports or disclosures required by Rule 26(a)(2)(B)-(C) by February 28, 2021. Expert depositions shall be completed by March 31, 2021.

6. The parties shall identify any rebuttal expert witness who will testify solely in opposition to the experts and opinions disclosed pursuant to Paragraph 5 above, and serve the related written reports or disclosures required by Rule 26(a)(2)(B)-(C), by March 31, 2021.

7. Either or both parties may seek leave under the Local Bankruptcy Rules to move for summary judgment (other than a motion for summary judgment asserting the expiration of applicable statutes of limitations) under Rule 56 after completion of discovery and before taking the steps set forth in Paragraphs 8-11 below. If such request is granted, the parties shall schedule the adjourned final pretrial conference to take place approximately one month after the scheduled hearing on summary judgment.

8. The Court will hold a final pretrial conference on May 19, 2021, at 10:00 a.m. (unless a party has previously obtained permission under the Local Bankruptcy Rules to move for summary judgment, which motion shall be heard at that date and time), <u>at which time the parties must be prepared to proceed to trial within two weeks.</u>

9. In advance of the final pretrial conference, the parties shall have conferred and used their best efforts to agree on a joint exhibit book and shall have identified any exhibits whose admissibility is not agreed.

10. In addition, on or before two weeks before the final pretrial conference, the parties shall have exchanged proposed witness lists.

11. On or before one week before the scheduled trial date, the parties shall (a) submit to chambers declarations under penalty of perjury or affidavits of their direct witnesses, who shall be present at trial for cross-examination and redirect, or have sought the Court's permission to examine direct witnesses at trial, and (b) submit to chambers the joint exhibit book referred to in Paragraph 9 hereof.

Dated:  May 19, 2020
       White Plains, New York

*s/Robert D. Drain*
Honorable Robert D. Drain
United States Bankruptcy Judge